No. 22,422.

F. E. RANKIN and ISABELLA RANKIN, *Appellees,* v. W. A.
EPPLER, *Appellant.*

### SYLLABUS BY THE COURT.

PROMISSORY NOTES—*Satisfied in Full—Refusal to Surrender the Notes—
Injunction.* The facts considered, and held sufficient to warrant a
judgment requiring the payee of ten satisfied promissory notes to sur-
render them to the maker, enjoining transfer of the notes, and en-
joining the payee from bringing and prosecuting vexatious suits
founded on them.

Appeal from Ellis district court; ISAAC T. PURCELL, judge.
Opinion filed January 10, 1920. Affirmed.

*H. A. Pestana,* of Hays, and *Herman Long,* of Wa Keeney.
for the appellant.

*J. P. Shutts,* of Hays, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to require surrender of sat-
isfied promissory notes, to enjoin their transfer, and to enjoin
the bringing and prosecution of vexatious suits founded on
them. A demurrer to the petition was overruled, and the de-
fendant appeals.

There were ten of the notes. In March, 1916, they were
all satisfied, by means which need not be stated, but the de-
fendant refused to surrender them. In June, 1918, the de-
fendant brought suit on one of the notes, and then suffered a
dismissal for want of prosecution. In October, 1918, the de-
fendant sued on another note before a justice of the peace.
The proceeding was still pending when the plaintiffs com-
menced the present suit. The petition alleged that the actions
brought by the defendant were not instituted in good faith,
that the purpose was to harass the plaintiffs, occasion them
loss of time and put them to expense, and that the defendant
threatened to keep on until he had commenced a separate ac-
tion on each note.

The defendant cites the cases requiring one in the situation
of the plaintiffs to establish his right at law before seeking

equitable relief. The doctrine of those cases became obsolete in this state with abolition of the distinction between actions at law and suits in equity. The defendant also cites cases applying the rule that equity will not interfere when there is an adequate remedy at law. Some of the cases were well decided. Others interpret the rule in a spirit altogether too narrow and illiberal. In this state, the remedy at law must be equally full, complete and efficient with the remedy in equity. If, in this instance, there were but a single note, the plaintiffs might obtain such relief when sued on the instrument. If there were numerous parties to a single note, whom the defendant proposed to sue separately, each one might be left to his remedy at law. A judgment, however, in favor of the plaintiffs, in a suit or suits on one, two, or several of the notes, does not free them from vexation and expense. The defendant's conduct takes the form of a continuing trespass on the plaintiffs' time, money, and tranquillity, which they are entitled to end once for all, by a single action in which full relief, including surrender of the satisfied instruments, may be granted.

The judgment of the district court is affirmed.